Blair brought covenant against Billingsly and declared upon a covenant that if he, the plaintiff, paid a sum of money, &c., then, that the defendant would make, or cause to be made, a deed of conveyance for a certain tract of land, and avers payment of the money and all he was bound to perforin on his part.' Declaration then states another covenant by which defendant admits the payment of the money covenanted to be paid by the former covenant, and in consideration of that payment, covenants to make the above deed in one month from the date of this second covenant, or at any other period when the plaintiff should call for the same. And plaintiff says the defendant did not perform this last covenant, for that he did not make the deed of conveyance according to the covenant, though thereto requested on the-day of-, 1812, &c., and in this, that defendant did not make a deed in one month, or at any other time, and avers a demand on the-• day of-, 1812. The defendant pleads first, that on the 29th July, 1812, he made and executed the deed according to the covenant and tendered the same; and avers that Blair, the plaintiff, did not call for or demand a deed, before the 29th July, 1812. Replication, the plaintiff did demand the deed before the 29th July, 1812, and before the commencement of the action and issue. Second plea, covenants performed (generally) conclusion to the country, and issue, jury “ find the issues for the defendant,” and judgment for the defendant. Upon the trial a bill of exceptions was tendered, &c., and by it it was insisted for the defendant, it was the place of the plaintiff in the action, before the issuing of *68 the writ, to have drawn and tendered for the signature of the defendant a deed of conveyance. On the other side (plaintiff) it was insisted that the covenantor (defendant) should have kept his covenant by drawing and making the deed contemplated. The Court charged, &c., that the plaintiff should have drawn' and tendered the deed to the defendant for his acceptance, that if he had not done so, the law was with the defendant on that point.
The covenant in this case is to make as good a deed as he Billingsly was bound to make in the space of one month, or at any other period. All covenants are to be construed as near as may be to the obvious intention of the parties, and that from the whole context of the instrument, according to the reasonable sense of the words. Selwin, 387; 7 East. 241. Here the party covenants to make in the space of one month, or at any other period. This is an alternative. It is raised by the opposition of “ space of one month,” to “ any other period ”; they must therefore be different, or not the same ; otherwise no alternative is raised, and both terms or expressions become synonymous. Could it be the intention of the parties that the same thing was meant by the two expressions, and that after saying that the deed was to be made in the space of one month, that the alternative, “ or in any other period,” meant within the same month ? These expressions in their natural, common and obvious meaning, are not ad idem, but different and represent different ideas. Why then should they, and how can they, be intended to mean the same thing P To do an act in the space of one month is one thing, and to do an act in any other period is another thing. But waiving for the present the obvious intention of the parties, what is the grammatical construction, the disjunctive and alternative particle “ or ” makes two things or ideas, an antecedent to it, and a subsequent to it. The antecedent is the space of one month; the subsequent must be something else than this and exclusive of it, and therefore, as time is the subject-matter of both, it must be a different portion of it than that contained in the antecedent, to wit, the space of one month next succeeding the making of the covenant; and being' different, it must of course, and of necessity, refer to time after the month. Taking this to be the true construction, the meaning of the covenant is ‘that the covenantor (the defendant) might discharge himself by performance within the month after the date of the covenant, if he did not, then he became liable to a performance after the month, at the pleasure of the covenantee, that is when he should be requested by the covenantee. In the first case if he chose to discharge himself by the performance of the first alternative, it was his business and duty to make and tender the deed. If he did not avail himself of this opportunity of discharging himself, by making the deed within one month, then he remained liable at the will of the plaintiff to whatever time he (the plaintiff) chose to have a performance, he (the de *69 fendant) incurring the inconvenience of keeping and preserving the situation of being able to? perform whenever called upon. In this last case of making the deed at any other period, or upon request, the covenantee is bound to make and tender the deed to the covenantor for his execution, for it cannot be presumed in law that the covenantor will know when the covenantee will make the request or demand. The law only requires the covenantor to be able to perform his covenant, or to have the right and power to make the deed upon a tender made to him.
By the bill of exceptions, it is contended, the judge charged incorrectly in saying that the plaintiff should have drawn and tendered the deed. The issue is joined on the replication which avers that the plaintiff did demand the deed before the 29th July, 1812, the time that by the plea it was tendered by the defendant. Now, to make this demand operative in law, the judge says, the tender of the deed by the covenantee should have accompanied this demand. We have seen that a covenant to make a deed in a certain, time, or at any other period, is, after the expiration of the time certain, a covenant to make a deed upon request. And in the present case, as the defendant, the covenantor, did not make the deed within the month, but chose the alternative, a subsequent period, it then became a duty by him to be performed at the will of the covenantee, and consequently at his request, which, according to Shep. Touch. 168, cited by the counsel, requires a tender of the deed to accompany the request. In this view of the case, there is no error in the charge of the Court.
But supposing the above construction of the covenant in this case to be incorrect, still it is believed the same result would follow, to wit: an affirmance of the judgment from the examination of the pleadings, verdict, and judgment in this record; for, suppose the judge gave a wrong charge, yet the finding of the issue joined on the plea of covenants performed, would show that the plaintiff had no cause of action, but that whether a tender was made or not, or a demand was made or not, by the plaintiff, the defendant had performed what he had covenanted to perform. And here we must, upon this record, take the “ finding the issues for the defendant” to be sufficient in law, and equivalent to finding that the defendant performed his covenant, which is of a like import with making the proper deed, at the proper time, pursuant to the contract; this being the case, the issue about a demand or a tender was quite immaterial, and could not affect the merits of the case. And we must suppose that the jury were well warranted by the evidence on the issue of covenants performed, to find this issue in favor of the defendant. Had it been otherwise in the opinion of the plaintiff, it was incumbent upon him to have stated his exception and spread it upon the record, showing the insufficiency; the not having done so authorizes the conclusion that there was no cause of exception.
The plaintiff, therefore, by the record having no cause of action, and the *70 judgment in the court below being for the defendant, it must be affirmed by this Court.
Judge Brown gave no opinion on the points examined in this opinion, for reasons which he did not publicly state, but concurred in the affirmance, upon the ground that the declaration was in a material part founded on an indorsement subsequent to the covenant or deed, which indorsement was not under seal.
Judge Peck did not sit in the cause, having been former counsel.